Pleading and practice; dismissal of actions; voluntary dismissal by order of court without prejudice. — On January 12,1967, Trial Commissioner Hogenson submitted to the court his findings of fact and recommended conclusions of law in plaintiff’s case and recommended that the court hold plaintiff entitled to recover on his petition seeking a judgment for Army pay and allowances of which he was deprived in violation of applicable law and Army regulations when he was reduced in rank from sergeant to private for inefficiency, contrary to plaintiff’s record of service, whereas plaintiff was rather guilty, if at all, of misconduct in submitting allegedly false claims for travel of a dependent, dislocation allowance and separate rations. The trial commissioner pointed out that in failing to charge plaintiff properly under the misconduct provisions of the Army regulations, plaintiff was deprived of the right accorded him by such regulations to avoid imposition of summary disciplinary punishment (reduction in grade) by demanding trial by court-martial for the alleged misconduct, which procedure would have afforded plaintiff the hearing denied him by the misapplication of the inefficiency provisions of the regulation, with the realistic possibility of acquittal of the charges of misconduct in court-martial proceedings. At the request of plaintiff and without objection by defendant, proceedings were thereafter suspended to permit plaintiff to apply for a correction of his records in such a manner as to encompass the relief sought in this case. Subsequently plaintiff’s records wore corrected and he was paid the active duty pay and allowances claimed in his petition in this court. Plaintiff thereupon moved the court for an order, pursuant to Buie 67 (a) (2) dismissing the petition without prejudice. Defendant filed its objection to plain *1197 tiff’s motion and filed a cross motion for summary judgment dismissing the petition with prejudice.
Upon consideration of the cross motions and the oppositions and replies thereto and without oral argument, the court on October 27,1967, ordered that plaintiff’s motion to dismiss be allowed, defendant’s motion for summary judgment be denied, and the plaintiff’s petition was dismissed under Hule 67 (a) (2) without prejudice.